IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
☐ HARRISONBURG DIVISION [☐ HARRISONBURG or ☐ STAUNTON] or
☒ LYNCHBURG DIVISION [☒ LYNCHBURG or ☐ CHARLOTTESVILLE]

☒ INITIAL or ☐ SUPPLEMENTAL
TRUSTEE'S REPORT & OBJECTIONS FOLLOWING MEETING OF CREDITORS

and

☒ NOTICE TO DISMISS OR CONVERT CASE

☒ MODIFICATIONS, DOCUMENTS, OR ACTIONS REQUIRED or ☐ READY FOR CONFIRMATION

IN RE: CHARLES B CUNNINGHAM     CASE #: 14-61621
300 SOUTH PRINCETON CIRCLE #2
LYNCHBURG, VA 24503

This is the Trustee's report following the ☒ initial or ☐ adjourned Meeting of Creditors, which was held on the date noted below; the Debtor ☒ did or ☐ did not attend; Creditors ☐ did or ☒ did not appear.

☒ The hearing on confirmation and Show Cause on Dismissal/Motion to Reconvert is to be held on __November 20__, 2014, at ☒ 9:30 a.m. or ☐ 10:00 a.m., ☐ 2:00 p.m. as originally noticed;

☒ Trustee objects to confirmation, and modifications, documents, or actions are required as set forth on attached Exhibit "A"

☒ The Meeting of Creditors IS NOT adjourned;

☐ The Meeting of Creditors IS adjourned to _____, 201__, at __:__ __.m. - *Debtor's Attorney to notice Debtor of the continuance.*

Further, if modifications are required, they must be served upon all affected Creditors and other parties in interest, pursuant to the Local Rules of this Court, and noticed for hearing as of the date set forth for hearing on confirmation, or to such other date as the Court may advise Debtor's counsel.

WHEREFORE, your Trustee moves the Court to dismiss or convert this case if the requested modifications, documents, and/or actions have not been completed at least ten days prior to the scheduled hearing on confirmation, and/or if the Debtor has failed to appear at the original or adjourned Meeting of Creditors, and/or if the Debtor is not current in Plan payments; and, for other relief as may seem just.

Dated: 10/14/2014
(Date of 341 Hearing)

*Angela M. Scafforo*
Herbert L. Beskin, Chapter 13 Trustee
P.O. Box 2103
Charlottesville, VA 22902
Ph: 434-817-9913; Email: ch13staff@ntelos.net

## CERTIFICATE OF SERVICE

A copy of this Trustee's Report and Objection Following Meeting of Creditors was mailed to the Debtor and either e-mailed or mailed to Debtor's counsel on October 15, 2014.

16

*Angela M. Scafforo*
Herbert L. Beskin, Chapter 13 Trustee
P.O. Box 2103
Charlottesville, VA 22902
Ph: 434-817-9913; Email: ch13staff@ntelos.net

(Version #24, 04/10/1_)

## EXHIBIT "A" TO TRUSTEE'S REPORT (page 1)

**Name(s): CHARLES B CUNNINGHAM**         Case No. 14-61621

__X__ 1. The Debtor must commence making payments at the rate and in the amounts stated in the Plan. **If the Plan calls for payments through an automatic wage deduction from an employer, the Debtor must make payments directly to Trustee until the wage deduction takes effect.**

✓ 2. The Debtor or attorney must <u>within 10 days</u>: *submit WDO or TFS*     OK
- ✓ A. **Submit a pay-direct Order or wage-deduction Order to the Court for entry; or**
- ✓ B. **Send to the Trustee the employer's payroll office mailing address so that a wage-deduction Order can be prepared**

✓ 3. The Trustee objects to confirmation of the proposed Plan and/or moves to dismiss or convert this case pursuant to 11 U.S.C. § 1307 because:
- ___ A. Debtor ineligible for Chapter 13: debts exceed statutory limits [11 U.S.C. § 109(e)]  (OK)
- ___ B. Debtor ineligible for Chapter 13: nature of dismissal of prior case [11 U.S.C. § 109(g)]  (OK)
- ___ C. Debtor ineligible for Chapter 13: failure to obtain pre-petition budget counseling [11 U.S.C. § 109(g)] **8/25/2014** (OK)
- ___ D. Insufficient future income devoted to Trustee's control to assure execution of the Plan. [11 USC § 1322(a)(1)]  (OK)
- ___ E. Plan does not provide for payment in full of all priority claims in full. [11 U.S.C. § 1322(a)(2)]
- ___ F. Plan discriminates unfairly against a designated class of unsecured claims [11 U.S.C. § 1322(b)(1)]
- ___ G. Plan does not provide for the appropriate plan payment period [11 U.S.C. § 1322(d)]
  1. Plan payment period should be _____ months. (Debtor ☐ above median ☐ below median)
- ___ H. Plan does not comply with all applicable provisions of the Bankruptcy Code [11 U.S.C. § 1325(a)(1)]
- ___ I. Filing fees or other amounts required to be paid before confirmation have not been paid [11 U.S.C. § 1325(a)(2)]
- ✓ J. Plan has not been proposed in good faith [11 U.S.C. § 1325(a)(3)] — *pays mortgages for which debtor has no liability*
- ___ K. Plan does not meet the Chapter 7 liquidation test [11 U.S.C. § 1325(a)(4)]
- ___ L. Plan fails to properly provide for the retention of a lien by an allowed secured claim holder [11 U.S.C. § 1325(a)(5)(B)(i)]
- ___ M. Amount to be distributed to allowed secured claim is less than the claim's allowed amount [11 U.S.C. § 1325(a)(5)(B)(ii)]
- ___ N. Periodic payments to an allowed secured claim are not in equal monthly installments [11 U.S.C. § 1325(a)(5)(B)(iii)]  (OK) N/A
- ___ O. Payments to creditor secured by personal property insufficient to provide adequate protection [11 U.S.C. § 1325(a)(5)(B)(iii)]  (OK) N/A
- ✓ P. Debtor will not able to make all payments under plan or comply with plan; plan infeasible [11 U.S.C. § 1325(a)(6)] — *no income*
- ✓ Q. Debtor did not file the petition in good faith [11 U.S.C. § 1325(a)(7)] — *real estate transferred less than week before case filed*
- ___ R. Debtor has not demonstrated that all post-petition support payments have been made [11 U.S.C. § 1325(a)(8)]
- ___ S. Debtor has not filed all applicable Federal, State, and local tax returns (§ 1308) [11 U.S.C. § 1325(a)(9)]  (OK) N/A
- ✓ T. Plan fails to provide that all of the debtor's projected disposable income in the applicable commitment period will be applied to plan payments [11 U.S.C. § 1325(b)(1)(B)] *review income from new job*
- ___ U. Plan as proposed is under-funded (not sufficient funds for Trustee to pay claims as proposed in plan)
- ___ V. Other: _____
- ✓ W. Debtor in default of plan / Trustee payments (As of **10/9/14**: amt rec'd = $ **0** ; def. = $ **500** )
- ✓ X. Note: Plan must pay 100% of (joint) unsecured claims because of: (1) Chap. 7 test  (2) disposable income test.  OK

✓ 4. The Debtor must provide the Trustee with the following documents:
- ✓ A. Copy of all of the Debtor's pay stubs, operating statements (if self employed), retirement checks, or government benefits (Social Security, Unemployment. Insurance., etc.) received in the 60 day period before this case was filed  OK
- ___ B. Copy of any previously filed Homestead Deed(s).  *August – November, all sources*
- ___ C. Within ____ days a copy of all delinquent unfiled income tax returns, plus a statement confirming that returns have been filed with (as applicable) Special Procedures Div. of the IRS and the Bankruptcy Dept. of the VDOT in Richmond.
- ___ D. Copy of the Debtor's real estate & personal property tax assessments for the current year (& most recent real estate appraisal).  (OK)
- ✓ E. Copy of deed(s) conveying real property to Debtor(s). (Issue: T by Es; joint ownership; life estate; or *full recorded copies of all 3 Deeds*
- ___ F. A copy of current car insurance declaration page stating term of coverage, kinds of coverage, and total premium.
- ___ G. A copy of the following state or federal income tax returns: _____
- ___ H. Copy of debt repayment plan developed through budget counseling process [11 U.S.C. §. 109(h), 521(b)]
- ___ I. Copy of documents evidencing debtor's interest in education individual retirement account [11 U.S.C § 521(c)]
- ✓ J. Documents, *properly summarized*, to support: *HUD from purchase of all 3 homes + rental leases for 5th apt @ Harrison + proof of Debtor's secured obligation for mortgages*
- ___ K. The questionnaire sent to the Debtor by the Trustee (with all questions answered)  (OK)
- ___ L. A copy of the Debtor's most recently filed federal income tax return (20**13**) [11 U.S.C. § 521(e)(2)]  (OK)
- ___ M. Pursuant to 11 U.S.C. § 521(f) a copy of: *AFFIDAVIT*  OK N/A
  - ___ 1. Each federal income tax return (and amendments) filed for any tax year ending while this case is pending;
  - ___ 2. Each federal income tax return (and amendments) that (a) is filed for any year ending in the three year period ending on the date this case was filed, and (b) had not been filed when this case was filed
  - ___ 3. A statement under oath, to be filed annually at least 45 days before the anniversary of the plan's confirmation date, of (a) income & expenditures for the most recently concluded tax year, and (b) monthly income (showing how calculated)
- ___ N. DSO information needed: payee name, address, and phone number  OK N/A
- ✓ O. **Pre-confirmation affidavit from Debtor, or other appropriate evidence to satisfy matters addressed in the affidavit**
- ✓ P. Other: *proof of payments of all postpetition mortgage payments + how much money paid to Leslie Mebane each month*

✓ 5. The Debtor must provide the Trustee with the following information: *recent credit report and phone number and address for Welford Brown and Leslie Mebane AND evidence of amount paid to Brown for purchase of real estate*

(Version #24, 04/10/12)

**EXHIBIT "A" TO TRUSTEE'S REPORT (page 2)**
Name(s): CHARLES B CUNNINGHAM  14-61621

___ 6. The Debtor must file the following pleading(s):
   ___ A. Motion/Complaint to Avoid Lien for: _____
   ___ B. Application for Allowance of attorney's fees in excess of usually allowed amount.
   ___ C. Motion to Make Plan Payments Directly
   ___ D. Notice to Allow Adequate Protection payments for: _____ OK N/A
   ___ E. Motion and Order to Extend or Impose Automatic Stay  OK N/A
   ___ F. Other:_____

✓ 7. The Debtor must amend and refile the following Schedules to provide complete and accurate information:
   ✓ A. Schedule A: *show debtor's interest and full value*
   ___ B. Schedule B:
   ___ C. Schedule C: Trustee objects to the following claims of exemption:_____
   ___ D. Schedule D:
   ___ E. Schedule E:
   ✓ F. Schedule F: *add debt to City of Lynchburg Courts and all debts*
   ✓ G. Schedule G: *show 10 tenant leases*
   ___ H. Schedule H:
   ___ I. Schedule I:
   ___ J. Schedule J:
   ___ K. Statement of Financial Affairs:
   ___ L. Attorney Disclosure Statement:
   ___ M. Form 21 (Soc. Sec. #):
   ___ N. Petition:
   ___ O. Statement of anticipated increases in income/expenses over first 12 mos:
   ___ P. Form B22C (Current Monthly Income):
   ___ Q. Other:

✓ 8. The Debtor must amend the proposed Plan as follows:
   ___ A. To provide for §1326 adequate protection payments for: _____
   ___ B. To amend Plan to pay secured debt arrearage in full, or file objection to claim filed by lienholder (objection to be heard and/or resolved by the date of confirmation), for the following creditor(s): _____
   ___ C. To provide that Debtor shall pay directly all required tax payments (income, sales, withholding, etc.) every calendar quarter during Plan.
   ✓ D. To increase Plan payments as follows: *add money to pay 100%*
   ___ E. To correct proposed percentage payout to unsecured creditors.
   ___ F. To provide for the following priority or secured claims, or object to claim(s): _____
   ___ G. File, notice, and serve "Special Notice to Secured Creditor" for: _____
   ___ H. File / Redo Plan using proper Plan format (see Court's web site)
   ___ I. To resolve the following objections/motions: _____
   ✓ J. Other: *- clarify attorney fees due $2,819.76 of $2,900 total - assume or reject tenant leases*

___ 9. The Plan needs to be re-noticed to:
   ___ A. All creditors
   ___ B. The following creditors: _____

___ 10. Debtor not entitled to discharge [§ 1328(f)] because: _____  N/A

✓ 11. Other: *file motion to authorize Trustee to make all postpetition mortgage payments*

___ 12. Attorney shall discuss with debtor(s) revising wage withholding and/or tax exemptions to increase take-home pay

___ 13. **Trustee & attorney agree: Confirmation to be continued to  /  /  w/ expectations / conditions**

    Reason: to get beyond bar date to review joint claims / ensure 100% payout, or _____

(Version #24, 04/10/12)